UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TEDDY MORRIS,

        Petitioner,

v.

ROB McKENNA,

        Respondent.

Case No. C09-5345RBL/JRC

REPORT AND
RECOMMENDATION

**NOTED FOR:
November 13, 2009**

This habeas corpus action, filed pursuant to 28 U. S.C. 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrate Judge's Rules MJR 3 and MJR 4.

## FACTS

Petitioner is seeking habeas relief from an outstanding warrant for his arrest issued out of Grays Harbor County (Dkt. # 6). The warrant is for a non felony traffic offense, DUI (Dkt. # 12).

Petitioner is currently in the custody of the Federal Bureau of Prisons. He is being housed at the Sheridan Medium Security Complex in Oregon on a conviction that is not related to the DUI (Dkt. # 12). Respondent states that even though Petitioner otherwise qualifies for release to a half way house, the Bureau of Prisons will not allow him to go to the half way house

REPORT AND
RECOMMENDATION - 1

because of the outstanding warrant for his arrest (Dkt. # 12). Otherwise, respondent claims the warrant has no affect on petitioner's current sentence.

Petitioner alleges he has repeatedly sent demands to the District Court for his extradition to Washington so he can stand trial on the DUI charge. He claims the state's failure to extradite him is denying him his right to a speedy trial as guaranteed by the Sixth Amendment.

The State, through the Attorney General, has responded (Dkt. # 12). The State argues petitioner is not in custody for the purposes of 28 U.S.C. 2254 on the charge he is challenging and he has not been convicted (Dkt. # 12). Further, the state argues the interstate extradition process does not extend to non felony misdemeanor warrants and the warrant is not valid outside of Washington geographic boundaries. Thus, no detainer has been issued. The State further argues petitioner has not exhausted his state remedies. Finally, the state notes that the only affect the warrant has on petitioner is that the warrant prevents his placement in a half way house. An inmate has no constitutional right to classification or housing at any particular level (Dkt. # 12).

Petitioner has replied and argues he is being denied his right to a speedy trial. He maintains the warrant is the same as a detainer (Dkt. # 16).

## **PROCEDURAL BACKGROUND**

On October 30, 2007, the District Court sent Mr. Morris a letter outlining why he was not being extradited on the District Court warrant. The state's position is that a detainer has not been lodged against Mr. Morris and he should not be held on the warrant. The warrant is only good in Washington. Should Mr. Morris return to Washington and be held to answer on the outstanding charges, he may then raise his claims regarding speedy trial. Thus, the state draws a distinction between a warrant and a detainer (Dkt. # 6, attached letter from District Court). There is nothing in the record to show petitioner ever filed a personal restraint petition or brought this matter to the attention of either the Washington State Court of Appeals of the Washington State Supreme Court.

REPORT AND
RECOMMENDATION - 2

## **EVIDENTIARY HEARING NOT REQUIRED**

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing in this court shall not be held unless the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. In fact, he has not yet had a trial on the DUI charge. Therefore, this court concludes that there is no reason to conduct an evidentiary hearing.

## **DISCUSSION**

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984);

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1). Here, the claims have not been adjudicated on the merits in state court.

A. *Exhaustion.*

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented at every level of appeal. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

The claims in this case have not been exhausted. The court recommends the petition be DISMISSED WITHOUT PREJUDICE. If and when petitioner is brought before the District Court in Grays Harbor he should have the ability to raise his speedy trial claim. His claim is inchoate until the state attempts to prosecute him on the DUI charge.

B. *In Custody.*

Under 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court. The

REPORT AND
RECOMMENDATION - 4

custody requirement of the habeas corpus statute is designed to preserve the writ as a remedy for severe restraints on individual liberty. Hensley v. Municipal Court, San Jose Milpitas Judicial District, 411 U.S. 345, 351 (1973). The person must be in custody pursuant to the conviction or sentence under attack at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). Petitioner is not in custody pursuant to the warrant he is trying to challenge. At best the warrant represents a future possibility of being arrested. This does not fulfill the in custody requirement and is an alternative ground for dismissal of the petition.

      C. *Transfer, custody and placement.*

That petitioner cannot obtain a lower classification or housing assignment from the Federal Bureau of Prisons because of the outstanding warrant is not a constitutional issue allowing the court to grant habeas relief. An inmate has no constitutional right to be housed at any particular prison or at any particular level of custody. Olim v. Wakinekona, 461 U.S. 238 (1987); Hewit v. Helms, 459 U.S. 460 (1983); Moody v. Daggett, 429 U.S. 215, 224-25 (1976); Meachum v. Fano, 427 U.S. 215 (1976).

## CONCLUSION

For the reasons stated in this Report and Recommendation the court recommends this petition be DISMISSED WITHOUT PREJUDICE. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140

(1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 13, 2009, as noted in the caption.

DATED this 20th day of October, 2009

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 6